UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:21-cv-11884-IT

MICHAEL OKOSI,
       Plaintiff

v.

SCOTT ROBY
       Defendant

**DEFENDANT SCOTT ROBY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Scott Roby ("Defendant" or "Roby") hereby answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Roby admits that he was acting as a police officer in the Boston Police Department when he arrested Plaintiff in the entranceway of a home in November 2018. Roby admits that Plaintiff was charged with assault and battery on a police officer and disorderly conduct. Roby denies that "Mr. Okosi did not in fact do what Officer Roby alleged, and both the arrest and the ensuring charges were improper." Roby further denies that the arrest was violent. The remaining allegations contained in Paragraph 1 refer to a document, the content of which speaks for itself.

2. Roby admits that the events immediately preceding Plaintiff's arrest were recorded by a camera. Roby further admits that the Suffolk County District Attorney's Office dismissed the charges against Plaintiff. Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 2.

3. Roby denies the allegations contained in Paragraph 3.

4. Roby denies that his actions were unlawful and that Plaintiff faced "false charges". Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

6. Paragraph 6 calls for a legal conclusion rather than a factual response and, therefore, no response is required.

## PARTIES

7. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 7.

8. Roby admits that he is a police officer with the BPD and acted at all relevant times as an on duty BPD officer. Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

## FACTS ALLEGED

### BPD Officers Unlawfully Arrested Mr. Okosi In His Home

9. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 9.

10. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 10.

11. Roby admits that November 23, 2018 was a cold day. Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 11.

12. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 12.

13. Roby admits that police encountered the other woman on the street, but is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 13.

14. Roby admits that police officers entered the entryway and first floor living area, but denies the remaining allegations contained in Paragraph 14.

15. Roby admits that Plaintiff came downstairs. Roby admits that Plaintiff was upset that there were police officers in the home. Roby admits that Plaintiff asked them to leave and they did not. Roby denies that there was a "large number" of police officers in the home. Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

16. Roby admits that he was present in the first floor entryway with Officer Michael Mastroardi but denies that Officer Stephan Lockwood was standing with them. Roby admits that he was standing in the doorway to the first floor living area, adjacent to the entryway and the front door of the building. Roby denies that Officer Mastroardi was standing in the entryway. Roby admits that Officer Lockwood was standing inside the first floor living area, in proximity to Plaintiff.

17. Roby admits the allegations contained in Paragraph 17.

18. Roby admits the allegations contained in Paragraph 18.

19. Roby admits the allegations contained in Paragraph 19.

20. Roby admits the first sentence of Paragraph 20. Roby denies the second sentence of Paragraph 20.

21. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 21.

22. Roby admits that he grabbed Plaintiff and forcefully pushed him against the front door. Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 22.

23. Roby admits the allegations contained in the first sentence of Paragraph 23. Roby admits that he and other officers forcefully held Plaintiff against the inside of the front door and placed his arms and hands behind his back. Roby denies that they "twisted" his arms.

24. Roby admits that Plaintiff said "I didn't do anything to you" and "what did I do" but is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 24.

25. Roby admits the allegations contained in Paragraph 25.

26. Roby admits that he and other officers handcuffed Plaintiff and forced him out of the home. Roby denies that Plaintiff was handcuffed "very tightly" and that the handcuffs were "clasped so tightly". Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 26.

27. Roby denies the allegations contained in Paragraph 27.

28. Roby denies the allegations contained in Paragraph 28.

29. Roby admits the allegations contained in Paragraph 29.

30. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations.

### **BPD Officers Included False Allegations In The Police Report**

31. Roby admits the allegations contained in Paragraph 31.

32. Roby denies that he described these allegations to Officer Lockwood.  Roby denies that the allegations described in Paragraph 32 are false and that he knew they were false.

33. Roby admits that Plaintiff was charged with assault and battery on a police officer and disorderly conduct.  Roby denies that these charges were false.

34. Paragraph 34 calls for a legal conclusion rather than a factual response and therefore no response is required.

35. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 35.

### **BPD Officers Admitted The Inaccuracy Of The Police Report**

36. Roby admits that Plaintiff made an administrative complaint to BPD regarding the circumstances of his arrest.  Roby denies that he engaged in misconduct.  Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 36.

37. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 37.

38. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 38.

39. Roby admits that he was interviewed by BPD Internal Affairs.  Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 39.

40. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 40.

41. Roby admits that he has not been disciplined in connection with Plaintiff's arrest.  Roby denies that he made a "new false assertion" to BPD Internal Affairs.  The remaining allegations refer to an internal affairs interview, the content of which speaks for itself.

### Prosecutors Dismissed The Charges Against Mr. Okosi Following Disclosure Of The Exculpatory Video Recording

42. Roby admits that the charges against Plaintiff were dismissed. Whether the charges terminated "in Mr. Okosi's favor" calls for a legal conclusion rather than a factual response and therefore no response is required.

43. Roby admits the allegations contained in Paragraph 43.

44. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 44.

45. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 45.

46. Roby denies the allegations contained in Paragraph 46.

47. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 47.

48. Roby is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 48.

### COUNT I
### 42 U.S.C. 1983
### Unlawful Arrest in Violation of the Fourth Amendment

49. Roby repeats and incorporates by reference his answers to Paragraphs 1-48 above.

50. Roby admits that he was acting under color of law at the time of Plaintiff's arrest. Roby denies the remaining allegations contained in Paragraph 50.

51. Roby denies the allegations contained in Paragraph 51.

### COUNT II
### 42 U.S.C. 1983
### Excessive Force in Violation of the Fourth Amendment

52. Roby repeats and incorporates by reference his answers to Paragraph 1-51 above.

53. Roby admits the allegations contained in Paragraph 53.

54. Roby admits that he grabbed and handcuffed Plaintiff and that he forced Plaintiff outside, but denies the remaining allegations contained in Paragraph 54.

55. Roby denies the allegations contained in Paragraph 55.

## COUNT III
## Battery

56. Roby repeats and incorporates by reference his answers to Paragraphs 1-55 above.

57. Roby admits that he intentionally grabbed, handcuffed, and forcibly moved Plaintiff to arrest him. Roby denies the remaining allegations contained in Paragraph 57.

58. Roby denies the allegations contained in Paragraph 58.

## COUNT IV
## False Arrest (Common Law)

59. Roby repeats and incorporates by reference his answers to Paragraphs 1-58 above.

60. Roby admits that he intentionally arrested Plaintiff. Roby denies the remaining allegations contained in Paragraph 60.

61. Roby denies the allegations contained in Paragraph 61.

## COUNT V
## Malicious Prosecution (Common Law)

62. Roby repeats and incorporates by reference his answers to Paragraphs 1-61 above.

63. Roby denies the allegations contained in Paragraph 63.

64. Paragraph 64 calls for a legal conclusion rather than a factual response and therefore no responsive is required. To the extent a response is required, Roby is without knowledge or information sufficient to enable him to admit or deny the allegations.

65. Roby denies the allegations contained in Paragraph 65.

## COUNT VI
## Abuse of Process (Common Law)

66. Roby repeats and incorporates by reference his answers to Paragraphs 1-65 above.

67. Roby denies the allegations contained in Paragraph 67.

## COUNT VII
## False Imprisonment (Common Law)

68. Roby repeats and incorporates by reference his answers to Paragraphs 1-67 above.

69. Roby admits that he was acting under color of law at the time he arrested Plaintiff. Roby denies the remaining allegations contained in Paragraph 69.

70. Roby denies the allegations contained in Paragraph 70.

The remaining paragraphs contained in Plaintiff's Complaint consist of a prayer for relief to which no response is required. To the extent these paragraphs can be construed as alleging facts against Roby, they are denied.

## AFFIRMATIVE DEFENSES

Further answering, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, not by the conduct of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from suit because his actions are protected by the doctrine of qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is immune from suit because his actions are protected by the doctrine of common-law immunity.

## JURY DEMAND

Roby demands a trial by jury on all claims and issues so triable.

Respectfully submitted:

**DEFENDANT SCOTT ROBY**

By his attorneys:

Adam N. Cederbaum
Corporation Counsel

*/s/ Nicole M. O'Connor*
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4039
Nicole.OConnor@boston.gov

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, hereby certify that I served a true copy of the above document all parties of record via this court's electronic filing system and upon any non-registered participants via first class mail.

Dated: January 25, 2022                    */s/ Nicole M. O'Connor*
                                            Nicole M. O'Connor