UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL OKOSI,<br><br>*Plaintiff*,<br><br>v.<br><br>SCOTT ROBY<br><br>*Defendant*. | Civil Action No. 1:21-cv-11884-IT |

**PROPOSED PROTECTIVE ORDER**

1. With respect to the documents produced through discovery, the party producing such documents may designate such documents as being Confidential, subject to the terms and requirements of this Order. Documents designated Confidential shall be clearly marked "CONFIDENTIAL" on each page so designated.

2. Any party may challenge any other party's designation of a document as Confidential by motion to the Court, provided the parties have first met and conferred in a good faith effort to narrow or resolve the dispute. Until the Court rules on such motion, the party challenging the designation shall treat the document as Confidential.

3. A party may designate a document Confidential if it contains (a) a person's birth date, complete Social Security number, or home address; (b) identifying information for minor children; (c) medical records and information; (d) identifying information of third-party witnesses or complainants in investigations unrelated to the incident alleged in this action; (e) personnel records that contain non-public information of a personal or sensitive nature; or (f) records concerning criminal investigations unrelated to the incident alleged in this action that contain non-public information of a personal or sensitive nature.

4. Documents designated Confidential shall be used only for purposes of this litigation. The parties shall not disclose documents designated Confidential except to the following described groups of persons, or in the following circumstances:

(i) To the Court, filed pursuant to a motion to seal, and with redacted copies filed for the public record within fourteen (14) days thereafter;

(ii) To the named plaintiff and defendant;

(iii) To the attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, and employees directly assisting said attorneys of record;

(iv) To witnesses during the course of any deposition or other testimony;

(v) To Experts for the parties, subject to the conditions of Paragraph 5, below;

(vi) To any other person agreed in writing by the parties; and

(vii) To any other person, if the parties have conferred and agreed in writing that the specific information that caused the particular disclosed document to be designated Confidential has been redacted.

5. Each of the experts referred to in Paragraph 4(v) to whom such Confidential documents are to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of the Order by signing a written acknowledgment in a form to be agreed by the parties.

6. The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential documents as needed in the litigation of this case, provided such copies shall be treated the same as the originals for purposes of this order.

7. If documents designated Confidential are used or exhibited during depositions, then the designating party may, within 14 days of receipt of the transcript, designate the pertinent portions of the deposition as Confidential, and transcript will be treated as presumptively Confidential in its entirety for the duration of that 14-day period. Any testimony that is not designated as Confidential by the end of that period shall not be Confidential.

8. Subject to the applicable rules of evidence, the Confidential documents covered by this Protective Order shall be available for use at trial by any party. Should a party wish to use Confidential documents in motion practice, this party must move the court for permission to file said Confidential documents under seal in accordance with Local Rule 7.2.

9. The parties and their counsel specifically agree that any claims of privilege, and any arguments for the admissibility or inadmissibility of evidence, are not waived or otherwise compromised in any way by this Protective Order.

10. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal, or other disposition, the provisions of this Protective Order shall remain in effect, except that any document that becomes part of the public record at trial or is filed on the public docket of this case (i.e., not under seal) shall not be treated as Confidential.

11. This Order may be modified by further order of this Court.

_____
HON. INDIRA TALWANI
UNITED STATES JUDGE
DISTRICT OF MASSACHUSETTS