UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-cv-11884-IT

MICHAEL OKOSI,
      **Plaintiff,**

v.

SCOTT ROBY
      **Defendant.**

### DEFENDANT'S RENEWED MOTION FOR A JUDGMENT AS A MATTER OF LAW AT CLOSE OF PLAINTIFF'S CASE AND INCORPORATED MEMORANDUM OF LAW

I.     INTRODUCTION

For the reasons stated herein and those stated at oral arguments relating to this motion, Defendant Scott Roby ("Officer Roby") hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 50(b), to enter a judgment as a matter of law in his favor on plaintiff Michael Okosi's claims as follows.

II.     STANDARD OF REVIEW

In reviewing a such a motion, the court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. Bianchi-Montana v. Crucci-Silva, 815 F. Supp. 2d 493, 494 (D. Puerto Rico 2011). "The Court must draw all reasonable inferences in favor of the nonmoving party, and the court may not make credibility determinations or weigh the evidence. Id. quoting Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 150 (2000). "Credibility determinations, weighing of evidence and drawing legitimate inferences from the facts are jury functions, not those of the judge." Id. quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Judgment as a matter of

law is granted "when the evidence, together with all reasonable inferences in favor of verdict, could lead a reasonable person to only one conclusion, namely that the moving party was entitled to judgment. Marrero v. Goya of P.R., Inc., 304 F.3d 7, 22 (1st Cir. 2002) quoting Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994).

### III.     QUALIFIED IMMUNITY FOR § 1983 CLAIMS

Officer Scott Roby moves this Court to enter judgment in his favor on the Plaintiff's §1983.

Plaintiff has failed to present evidence at trial sufficient to defeat Defendant's entitlement to qualified immunity for Plaintiff's Constitutional claims. A police officer is entitled to qualified immunity unless he 1) violated a plaintiff's constitutional rights; and 2) those rights were so clearly established that a reasonable officer should have known that they applied to the facts at hand. *See Belsito Commc'ns, Inc. v. Decker*, 845 F.3d 13, 23 (1st Cir. 2016) (citing inter alia *City & Cty. of S.F. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015)).

A police officer is entitled to qualified immunity "so long as the presence of probable cause is at least arguable." *Ricci v. Urso*, 974 F.2d 5, 7 (1st Cir. 1992). *See also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity") (citations omitted). If Plaintiff is unable to prove, by a preponderance of the evidence, that Defendant did not reasonably believe he possessed probable cause, Defendant would be entitled to qualified immunity on his Constitutional false arrest claim. *See id*.

Here, Plaintiff has presented insufficient evidence to show that Officer Roby did not reasonably believe he possessed probable cause.

Even if the Court finds that a reasonable jury could conclude based on the evidence that Defendant should have known he lacked probable cause for the arrest, Defendant is still entitled

to qualified immunity for the Constitutional excessive force claim because it was not clearly established that his use of force was unreasonable under the circumstances. The "clearly established" test has two elements: (a) "whether the contours of the relevant right were clear enough to signal to a reasonable official that his conduct would infringe that right," and (b) "whether a reasonable defendant would have understood that his conduct violated the plaintiff[s'] constitutional rights." *MacDonald v. Town of Eastham*, 745 F.3d 8, 12 (1st Cir. 2014). Importantly, the U.S. Supreme Court held that the second part of this test is not met unless "existing precedent . . . placed the statutory or constitutional question beyond debate." *Sheehan*, 135 S. Ct. at 1774 (emphasis supplied) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)). In other words, existing precedent "must be clear enough that every reasonable official would interpret it to bar the conduct at issue." *Hill v. Walsh*, 884 F.3d 16, 21 (1st Cir. 2018) (emphasis in original) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)). This is a "demanding standard" which "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Wesby*, 138 S. Ct. at 589; *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). "The immunity afforded by this doctrine is particularly important for police officers in order not to 'unduly inhibit the assiduous discharge of their dut[y]' to protect the community at large." *Conlogue v. Hamilton*, 906 F.3d 150, 154 (1st Cir. 2018) (citing *Savard v. Rhode Island*, 338 F.3d 23, 26 (1st Cir. 2003)). The video makes clear – and the other evidence confirms – that Defendant was not incompetent or knowingly violating the law, but rather acting with a reasonable amount of force to subdue a suspect resisting arrest. *See Wesby*, 138 S. Ct. at 589. Most importantly, there is no precedent to say that any actions Defendant took in using force to effect Plaintiff's arrest was excessive; therefore, Defendant is entitled to qualified immunity for the Constitutional excessive

force claim. *See id*. (finding "a body of relevant case law is usually necessary to clearly establish the answer….") (internal quotations omitted).

IV.     **QUALIFIED IMMUNITY FOR STATE LAW CLAIMS**

Based upon the evidence presented during Plaintiff's case, Defendant is entitled to qualified immunity for the Massachusetts state claims as well. Like Plaintiff's Constitutional claims, a police officer is entitled to qualified immunity for state tort claims where "the presence of probable cause is at least arguable." *Ricci*, 974 F.2d at 7; *Hunter*, 502 U.S. at 227; *Duarte v. Healy*, 405 Mass. 43, 46 (1989) (applying the federal qualified immunity standard to claims under Massachusetts Civil Rights Act). "Because probable cause, by its nature, turns on the assessment of probabilities in particular factual contexts and cannot be reduced to a neat set of legal rules, qualified immunity will protect an officer in the absence of an identified body of relevant case law that clearly establishes the answer with respect to probable cause." *Ortiz v. Morris*, 97 Mass. App. Ct. 358, 363 (2020). "Massachusetts decisions are uniform in holding that, once immunity has been invoked, the burden of overcoming the immunity rests exclusively with the plaintiff." *See Maxwell v. AIG Domestic Claims, Inc*., 460 Mass. 91, 104 (2011). Here, Plaintiff has not met his burden of overcoming Defendant's invocation of qualified immunity because Plaintiff was unable to prove, by a preponderance of the evidence, that Defendant did not reasonably believe he had probable cause to arrest Plaintiff. Therefore, Defendant is entitled to qualified immunity for claims relating to Plaintiff's arrest and prosecution. *See id*.

Like Plaintiff's constitutional excessive force claim, Defendant is entitled to qualified immunity for the state law excessive force claim as well because for all of the reasons stated above, Defendant would not have reasonably understood his conduct to violate Plaintiff's rights. *See Duarte*, 405 Mass. at 46.

## V.      § 1983 EXCESSIVE FORCE AND STATE LAW BATTERY

In addition to issues relating to qualified immunity, Plaintiff has presented insufficient evidence for a reasonable jury to conclude that Officer Roby used excessive force as a matter of law.

A police officer has the right to use such force as he reasonably believes necessary to discharge his duty. *See Connors v. McNulty*, 697 F.2d 18, 22 (1st Cir. 1983) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979) and *Maiorana v. MacDonald*, 596 F.2d 1072 (1st Cir.1979)); *Vasquez v. Cmty. Savings Bank*, No. 931814D, 1995 WL 808709, at *1 (Mass. Super. Apr. 11, 1995). Here, any allegation of excessive force beyond what was reasonably necessary to overcome Plaintiff's resistance is plainly refuted by the video. To be sure, Officer Roby did use force in putting Plaintiff's arm behind his back. However, video shows that it took three officers to overcome Plaintiff's physical resistance in putting handcuffs on. Moreover, Plaintiff was not dragged down the stairs as he stated, instead was walked by Officer Roby and Officer Mastronardi to a police cruiser.  Officer Mastronardi also collaborated Roby's testimony and the video that Roby was not engaging with the Plaintiff until Plaintiff struck him.  "The critical question in [a] battery claim against a police officer is whether the officer used intentional and unjustified force upon the person of another." *Rose v. Town of Concord*, 971 F.Supp. 47, 51 (emphasis in original) (alteration to original) (citing *Powers v. Sturtevant*, 199 Mass. 265, 266 (1908)). The standard for whether a battery has been committed by a police officer in the course of his duties is essentially the same as the standard for use of force under 42 U.S.C. § 1983.  *See Dean v. City of Worcester*, 924 F.2d 364, 369 (1st Cir. 1991). Based upon the video, it is clear Officer Roby did not use unjustified force in effecting Plaintiff's arrest and there is, therefore,

insufficient evidence to support either a § 1983 Excessive Force claim or the common law Battery tort claim.

## VI. FALSE ARREST and FALSE IMPRISONMENT

Because the evidence supports the conclusion that Scott Roby had probable cause to arrest the Plaintiff, the Court should enter judgment for the Defendant on the above claims.

## VII. MALICIOUS PROSECUTION

There has been no evidence presented that Officer Roby acted with malice when he arrested Plaintiff and therefore Plaintiff's claim of malicious prosecution fails as a matter of law. A malicious prosecution claim under Massachusetts law requires proof "that the defendant (i) instituted criminal proceedings (ii) <u>with malice</u> and (iii) without probable cause, and (iv) that the proceedings were terminated in the accused's favor." *Limone v. United States*, 579 F.3d 79, 89 (1st Cir. 2009) (citing *Correllas v. Viveiros*, 572 N.E.2d 7, 10 (Mass. 1991).

Officer Roby and Plaintiff had never interacted before November 23, 2018. Officer Roby can be seen on the video in evidence simply standing in the doorway at all times while inside Plaintiff's apartment before the incident leading to the arrest. Immediately before the incident, Officer Roby tells Plaintiff: "Calm down. It's already closing." There is simply no evidence from which a reasonable juror could infer that Officer Roby instituted criminal proceedings with malice because there is no evidence that Officer Roby had any malice toward Plaintiff. Plaintiff must have shown some improper motive to meet their burden, and they have not done that. *See Beecy v. Pucciarelli*, 387 Mass. 589, 595 n.9 (1982) (An improper motive includes "one of vexation, harassment, annoyance, or attempting to achieve an unlawful end or a lawful end through an unlawful means.").

VIII.   **ABUSE OF PROCESS**

Plaintiff has failed to present sufficient evidence to support his claim for Abuse of Process because there is no evidence that Officer Roby used legal process <u>for an ulterior or illegitimate purpose</u>. *Psy-Ed Corp. v. Klein*, 459 Mass. 697, 713 (2011). To succeed on this claim, Plaintiff must have presented evidence that process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed. *Psy-Ed Corp. v. Klein*, 459 Mass. 697, 713 (2011); *Ladd v. Polidoro*, 424 Mass. 196, 198 (1997). If the stated objective of the process was the actual objective, then there is no abuse of process. *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390 (1975). The only evidence presented is that Officer Roby used process – arrested and charged Mr. Okosi with crimes – to initiate criminal proceedings against him. The stated objective was the actual objective.  This process is intended to initiate criminal proceedings. Scott Roby was not involved in the prosecution of the case after he informed the booking officer of the charges following the arrest on November 23, 2018.  He never spoke to the prosecutor. Abuse of process is a form of coercion to obtain a collateral advantage not properly involved in the proceeding itself, such as the surrender of property or the payment of money. *Vittands v. Sudduth*, 49 Mass. App. Ct. 401, 406 (2000). Plaintiff presented no evidence that Officer Roby used process for any ulterior or illegitimate purpose, rather the only evidence is that Officer Roby used legal process with the exact purpose it was intended – to initiate criminal proceedings.

**WHEREFORE**, Defendant Scott Roby respectfully requests that this Honorable Court grant his motion, enter judgment in his favor of the Defendant, and grant such other and further relief as it deems just and proper.

Dated: 2/16/23

Respectfully submitted:
Defendant, Scott Roby

By his attorneys:

/s/ EL Bostwick
_____
Sarah J. McAteer (BBO#706403)
Assistant Corporation Counsel
Elizabeth L. Bostwick (BBO#644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4048 (McAteer)
(617)635-4031 (Bostwick)
Sarah.McAteer@boston.gov
Elizabeth.Bostwick@boston.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on February 16, 2023, I served a true copy of the above document upon all counsel of record via this court's electronic filing system.

/s/ EL Bostwick
_____
Elizabeth L. Bostwick